IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONWIDE INSURANCE COMPANY | : | CIVIL ACTION |
| a/s/o CHRISTY MAURO | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA and | : | |
| MICHAEL McCOLLUM | : | NO.  11-4201 |

MEMORANDUM

**Padova, J.**                                                                                         **January 17, 2012**

Nationwide Insurance Company ("Nationwide") brings this action against the United States and a federal employee pursuant to the Federal Tort Claims Act,  28 U.S.C. § 2671, *et seq*. (the "FTCA"), to recover $4,580.87 it paid to its insured, Christy Mauro, following an automobile collision  between the automobile driven by Ms. Mauro and a United States Postal Service ("Postal Service") vehicle driven by Michael McCollum.  Defendants have moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment under Federal Rule of Civil Procedure 56, on the grounds that Mr. McCollum is absolutely immune from suit pursuant to the Federal Employees Liability Reform and Tort Compensation Act, 28 U.S.C. § 2679(b)(1), and because Nationwide's claim is time-barred pursuant to § 2401 of the FTCA.  Plaintiff agrees that Mr. McColllum should be dismissed as a defendant in this lawsuit (Pl. Opp'n at 1), and he is accordingly dismissed.  For the following reasons, we also grant the motion for summary judgment on the ground that Nationwide's claim is time-barred.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This action arises from a July 21, 2010 automobile accident between a Toyota Camry driven by Ms. Mauro and a Postal Service vehicle driven by Mr. McCollum.  (Defs. Mem. at 1, Pl. Opp'n

at 1.)  Nationwide contends that Mr. McCollum caused the accident through negligent driving and

seeks $4,580.87 in subrogation damages.  (Defs. Mem. at 1, Pl. Opp'n at 1.)  Nationwide asserted

an administrative claim against the Postal Service on August 25, 2010.  (Bjurstrom Decl. ¶ 3; Gov't

Ex. 2-A.)  The Postal Service denied Nationwide's claim and sent Nationwide a letter by certified

mail, return receipt requested, notifying it of the denial on October 26, 2010.  (Bjurstrom Decl. ¶ 6;

Gov't Ex. 2-C.)   The October 26, 2010 letter included the following language regarding

Nationwide's right to file a lawsuit seeking damages arising from the July 21, 2010 accident:

> In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if
> dissatisfied with the Postal Service's final denial of an administrative
> claim, a claimant may file suit in a United States District Court no
> later than six (6) months after the date the Postal Service mails the
> notice of that final action.  Accordingly, any suit filed in regards to
> this denial must be filed no later than six (6) months from the date of
> the mailing of this letter, which is the date shown above [October 26,
> 2010].

(Gov't Ex. 2-C at 1.)  Nationwide filed the instant lawsuit on June 23, 2011, nearly eight months

after the Postal Service mailed its letter denying Nationwide's claim.

## II.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ .P. 56(a).

An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the

nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A factual dispute

is "material" if it might affect the outcome of the case under governing law.  Id.

"[A] party seeking summary judgment always bears the initial responsibility of informing the

district court of the basis for its motion, and identifying those portions of [the record] which it

believes demonstrate the absence of a genuine issue of material fact ." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  Where the nonmoving party bears the burden of proof on a particular issue at trial, the movant's initial <u>Celotex</u> burden can be met simply by "pointing out to the district court" that "there is an absence of evidence to support the nonmoving party's case." <u>Id.</u> at 325.  After the moving party has met its initial burden, the adverse party's response "must support the assertion [that a fact is genuinely disputed] by:  (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials [that the moving party has cited] do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1).  Summary judgment is appropriate if the nonmoving party fails to respond with a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322.

## III.   DISCUSSION

The Government argues that the instant suit is time-barred because it was not filed within six months after the Postal Service sent Nationwide notice of final denial of its claim by certified mail. The Government relies on § 2401 of the FTCA, which  provides as follows:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).  Nationwide argues that its claim is not time-barred because it was filed within two years after its claim accrued.

Section 2401 contains two limitations periods:  (1) a claimant must present his or her

3

administrative claim to the appropriate federal agency within two year period of limitations; and (2)

the claimant must file suit in federal court within six months after that claim is denied by the agency.

Id.  While the statute links these limitations periods in the disjunctive, the plain language of the

statute does not control when there is "a clearly expressed legislative history to the contrary."  AMP

Inc. v. U.S., 820 F.2d 612, 615 (3d Cir. 1987).  Here, the legislative history and the pertinent case

law are clear that a claimant must comply with both limitations.  See Seiss v. United States, 792

F.Supp.2d 729, 731-32 (D.N.J. 2011).

      The FTCA was amended in 1966 to add the limitations provisions provided by § 2401 and

the legislative history of that amendment makes it clear that Congress "intended both that a claimant

file with the appropriate agency within two years after a claim accrues and that the claimant file a

complaint in the District Court within six months after the agency denies the claim."  Id., 792

F.Supp.2d at 731.  The House Report with respect to the amendment states the following:

> The amendments have the effect of simplifying the language of
> section 2401 to require that a claimant must file a claim in writing to
> the appropriate Federal agency within 2 years after the claim accrues,
> *and* to further require the filing of a court action within 6 months of
> notice by certified or registered mail of a final decision of the claim
> by the agency to which it was presented.

Id. (quoting H.R. Rep. No. 89–1532, at 5 (1966)).  The Senate Report similarly states that an action

filed pursuant to the FTCA  "would have to be filed with the agency concerned within 2 years after

it accrues *and* any tort action must be brought within 6 months after final denial of the administrative

claim."  Id. at 732 (quoting S. Rep. No. 89–1327, at 1 (1966); 1966 U.S.C.C.A.N. 2515, 2522.

Moreover, "the caselaw is clear that Section 2401(b) requires a plaintiff to satisfy *both* limitations

provisions."  David v. United States, Civ. A. No. 08-5296, 2009 WL 1108852, at *2 (E.D. Pa. Apr.

24, 2009) (listing cases).  See Seiss, 792 F. Supp. 2d at 732 (noting that the "Second, Fifth, Sixth, and District of Columbia Circuit Courts of Appeals have all explicitly held that § 2401(b)'s limitations periods must be read in the conjunctive" and that "[a]ll of the other Circuits, including the Third Circuit by way of an unreported decision, have assumed without discussion that both deadlines must be met" (listing cases)); see also Gordon v. Pugh, 235 F. App'x 51, 53 (3d Cir. 2007) (stating that a claim brought pursuant to the FTCA was untimely solely because it was brought more than six months after agency denial of the claimant's administrative claim).

Nationwide relies solely on its argument that it was only required to comply with the two-year limitations period for presenting its claim to the Postal Service.  The law is clear, however, that Nationwide was also required to file its federal lawsuit no later than six months after the Postal Services's final notice of denial was mailed to Nationwide by certified mail.  The record shows that the Postal Service mailed its final notice of denial on October 26, 2010. Nationwide did not file the instant lawsuit until June 23, 2011, more than six months later.  We conclude that the instant action is time-barred pursuant to 28 U.S.C. § 2401(b) and that the Government is entitled to the entry of judgment in its favor as a matter of law.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted.  An appropriate order follows.

BY THE COURT:

/s/ John R. Padova

John R. Padova, J.